ORDERED.

Dated: July 22, 2019

_____
Cynthia C. Jackson
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

In re :                                                                                                 Case No. **6:18-bk-04148-CCJ**
                                                                                                         Chapter 7

**Richard John Lorenz, Jr.**,
                         Debtor(s).
_____/

**ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION TO APPROVE**
**CONSENTED SHORT SALE OF NON-HOMESTEAD REAL PROPERTY FREE**
**AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS**
**PURSUANT TO 11 U.S.C. § 363(b), (f), AND (m)**

THIS CASE came on for a hearing on July 16, 2019 at 2:45 p.m., on Chapter 7 Trustee's Motion to Approve Consented Short Sale of Non-Homestead Real Property Free and Clear of Liens, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. § 363(b), (f), and (m), dated July 2, 2019, (the "Motion," docket no. 65).  Chapter 7 Trustee, Marie E. Henkel, and Trustee's Special Counsel, Kristen L. Henkel, appeared.  Said Motion was served on all interested parties and no response has been received by the Court.  Therefore, the Court considers the matter to be unopposed and having reviewed the Motion, the file, and being otherwise apprised on the premises,

Accordingly, it is

1. ORDERED that the Chapter 7 Trustee's Motion to Approve Consented Short Sale of Non-Homestead Real Property Free and Clear of Liens, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. § 363(b), (f), and (m), is approved, and the Trustee is authorized to sell the estate's interest in said property, as follows :

2. The property to be sold is more particularly described as :

**That part of the Southwest 1/4 of the Southeast 1/4 of Section 4, Township 19 South, Range 28 East, in Lake County, Florida, bounded and described as follows: From the Southwest corner of the Southeast 1/4 of said Section 4 run North 03º27'10" East, along the West line of the said Southeast 1/4, a distance of 777 feet to the point of beginning of this description; from said point of beginning, continue North 03º27'10" East, along the West line of the said Southeast 1/4, a distance of 193.06 feet, thence South 88º19'25" East 460 feet, thence South 62º14'02" East 368.44 feet to a point on a line, said line being South 88º21'37" East 343.88 feet from the Southwest corner of the Southeast 1/4 of said Section 4 and extending thence North 32º17'00" East, thence South 32º17'00" West along the said line 43.25 feet, thence West, along a line 777 feet North of the South line of the Southeast 1/4 of said Section 4, to the point of beginning, LESS and EXCEPT that part conveyed to Lake County by Deed dated July 14, 1986, and recorded in Official Records Book 889, Page 951, Public Records of Lake County, Florida. AND The North 316 feet of the South 777.0 feet of the Southwest 1/4 of the Southeast 1/4 of Section 4, Township 19 South, Range 28 East, Lake County, Florida, lying Westerly of the following described line: From the Southwest corner of the aforesaid Southeast 1/4 of Section 4 run thence South 88º21'37" East along the South line of the said Southeast 1/4, a distance of 343.88 feet for the point of beginning; run thence North 32º17'00" East 1126.21 feet to a point of terminus, LESS and EXCEPT that part conveyed to Lake County by Deed dated July 14, 1986, and recorded in Official Records Book 889, Page 955, Public Records of Lake County, Florida.**

**Parcel ID No. 04-19-28-0004-000-01800
a/k/a 35119 Huff Rd., Eustis, FL 32736**

3. The property shall be sold to the following buyer for the sales price indicated :

|  | Sales Price |
|---|---|
| **Robert E. McNamee and Erica B. McNamee**<br>36636 Menominee Lane<br>Eustis, FL 32736 | **$ 534,740.00** |

4. Trustee has represented that no closing costs are to be paid by the Estate and she obtained short sale approval from the first mortgage holder, The Bank of New York Mellon and Bayview Loan Servicing ("Secured Creditor"), who has authorized the following to be paid from the sales price : normal closing costs, realtor fees and costs, sums necessary to satisfy the existing mortgage, prorated 2019 real estate taxes, second mortgage short sale settlement, and bankruptcy estate carve out, as described in the Motion.

5. Trustee has also obtained short sale approval from the second mortgage holder, Bank of America ("Junior Secured Creditor"), who agreed to accept $6,000.00 to release the lien arising by virtue of the mortgage recorded in Official Records Book 3479, Page 245, Public Records of Lake County, Florida, and as assigned by instrument recorded in Official Records Book 5087, Page 928, Public Records of Lake County, Florida.

6. Notice of the Motion was properly served upon all interested parties including D.W. Zinser Company, 1775 Commercial Drive, Walford, IA 52351, *Judgment Creditor*, whose lien arose by virtue of the judgment recorded in Official Records Book 4894, Page 1560, Public Records of Lake County, Florida;

and Donald J. Smyth, Jr., as Trustee of Smyth Lumber Declaration of Trust #2, and Smyth Enterprises, Inc., P.O. Box 608464, Orlando, FL 32860, *Junior Judgment Creditor*; and Robert B. Worman, Worman & Sheffler, PA, 2707 W. Fairbanks Avenue, Suite 200, Winter Park, FL 32789, *Junior Judgment Creditor's Attorney*, whose lien arose by virtue of the judgments recorded in Official Records Book 5108, Page 457, Public Records of Lake County, Florida, and Official Records Book 5124, Page 187, Public Records of Lake County, Florida. No responses were received. Thus, to the extent any creditor, other than the Secured Creditor and Junior Secured Creditor, asserts an interest or secured claim against the property, such creditor is deemed to have consented to entry of this Order, and such creditor's claim shall not be a secured claim.

7. Trustee is authorized to transfer title to the property by Trustee's Deed, conveying the interest of the estate, subject to all encumbrances, including current taxes, assessments, zoning, restrictions, and other requirements imposed by governmental authorities, restrictions and other matters appearing on the plat or otherwise common to the subdivision and/or condominium, and public utility easements of record.

8. The Estate shall provide to buyer, a certified copy of the Order approving sale, certified copy of Notice of Commencement and certified copy of docket, reflecting no objection to the sale, or if any, that said objections have been overruled by Court Order.

9. The 14-day stay pursuant to Rule 6004(h) is hereby waived.

Attorney Kristen L. Henkel is directed to serve a copy of this Order on interested parties who are non-CM/ECF users and file a proof of service within 3 days of entry of the Order.